UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PATRICK WILSON,                              :
                                             :
       Petitioner                        :
                                             :
       v.                                : CIVIL NO. 3:CV-05-1535
                                             :
UNITED STATES OF AMERICA,                    : (Judge Kosik)
                                             :
       Respondent                        :

## **M E M O R A N D U M**

### I.  **Background**

Patrick Wilson, an inmate confined at the Federal Correctional Institution at Allenwood, Pennsylvania, filed this habeas corpus action on August 1, 2005, pursuant to 28 U.S.C. § 2241. Named as respondent is the United States of America. Along with his petition, Wilson has filed a motion seeking leave to proceed in forma pauperis in this matter. (Doc. 4.) However, on September 6, 2005, Wilson submitted the required $5.00 filing fee. As such, his motion will be denied as moot.

In his petition, Wilson states that he pled guilty to Re-entry of Removed Alien in violation of 8 U.S.C. § 1326(a)(b)(1) on October 15, 2002. He states that he was sentenced to 77 months of imprisonment on February 21, 2003[1]. He challenges a 16 point enhancement to his sentence he received as violating the Sixth Amendment to the United States Constitution. He

---

[1] We note that petitioner fails to name the district court in which he was sentenced.

seeks the reduction of his sentence to the pre-enhancement level of 8 - - his base point level. In support of his argument he relies on the Supreme Court case of <u>United States v. Booker</u>, ___ U.S. ___, 125 S. Ct. 738 (2005) which declared the United States Sentencing Guidelines to be unconstitutional.  He also cites to the case of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000) in support of his argument. Petitioner states that he did not raise a "Booker objection" at the time of his sentencing and acknowledges that the Booker opinion has been found not to apply retroactively to cases on collateral review.  He states that he has exhausted his remedies with respect to an appeal from his sentence and a § 2255 motion which he filed.  He requests a resentencing on his crime without the enhancements.  Because Wilson has failed to show that the 28 U.S.C. § 2255 remedy utilized to challenge his federal conviction or sentence is inadequate or ineffective to test the legality of his detention, his § 2241 petition will be denied.

**II.     Discussion**

A challenge to a federal criminal defendant's conviction or sentence, as in the instant case, is most appropriately brought as a motion pursuant to 28 U.S.C. § 2255 filed in the district court in the district where he was convicted.  <u>United States v. Addonizio</u>, 442 U.S. 178, 185 (1979); <u>United States v. Miller</u>, 197 F.3d 644, 648 n.2 (3d Cir. 1999); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997).[2]  As a general rule, a § 2255 motion "supersedes habeas corpus and

---

[2]  Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

2

provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.)(per curiam), cert. denied, 409 U.S. 1046 (1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)(unpublished disposition at 2000 WL 1595967)(citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)).

A defendant can pursue a 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make § 2255 inadequate or ineffective."); Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In <u>Cradle v. United States</u>, <u>supra.</u>, the Third Circuit emphasized that a § 2255 motion is not inadequate or ineffective to test the legality of a federal prisoner's detention, so as to permit the prisoner to seek habeas relief pursuant to § 2241, merely because the sentencing court had denied relief, because the one-year statute of limitations had expired, or because the prisoner was unable to meet the stringent gatekeeping requirements of § 2255.  Rather, the court in <u>Cradle</u> held that the habeas exception recognized in § 2255 was merely to make sure that petitioners had a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.  <u>Cradle</u>, 290 F.3d at 538-39.

As stated in <u>Dorsainvil</u>, the availability of the § 2241 remedy to challenge a federal conviction is extremely limited.  <u>Dorsainvil</u>, 119 F.3d at 250.  A prisoner can pursue habeas relief under the safety valve clause of § 2255 usually only in a situation where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer criminal to avoid a miscarriage of justice. <u>See</u> <u>Brown v. Mendez</u>, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001).

With the above principles as our guide, it is clear that Wilson cannot raise his claims in the instant § 2241 petition.  First, merely because his § 2255 motion and subsequent application for a certificate of appealability were denied[3], this does not make the § 2255 remedy inadequate or ineffective.

---

[3] The court assumes a certificate of appealability was filed in that Wilson claims to have fully exhausted all available avenues of relief with regard to his conviction and the § 2255 motion he filed.

Further, Wilson does not demonstrate the emergence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that would negate the criminality of his actions. See 28 U.S.C. § 2244(b)(2)(A); Dorsainvil, 119 F.3d at 251 (in denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

In the instant case, neither the decision in Booker, nor in Apprendi, declares that any conduct, previously thought criminal, is no longer criminal. Apprendi addresses the burden of proof and the identity of the fact finder with respect to certain sentencing issues and Booker relates solely to sentencing issues. As such, these holdings do not fall within the limited exception recognized in Dorsainvil. Also important is the fact that neither the Apprendi nor the Booker decisions have been made retroactive to cases on collateral review. See United States v. Swinton, 333 F.3d 481, 485 (3d Cir. 2003)(holding that Apprendi not retroactive on collateral review; In re Olopade, 403 F.3d 159 (3d Cir. 2005) (finding Booker not retroactive on collateral review). While neither of these cases has been made retroactive on collateral review, this also

5

does not make the § 2255 remedy inadequate or ineffective.  See Fraser v. Zenk, 90 Fed. Appx. 428, 2004 WL 413228 at *4 (3d Cir. March 3, 2004).

In the instant case, Wilson is unhappy with the fact that he was unsuccessful on his § 2255 motion.  He does not claim that he is innocent of the underlying crime of which he was convicted, but merely challenges the enhancements to his sentence.  He does not come forth with any change in the substantive law which negates the criminal activity of which he was convicted, but rather raises sentencing issues.  Based on the foregoing, the instant situation does not fall within the limited exception recognized in Dorsainvil which would permit Wilson's § 2241 petition challenging his federal conviction and sentence.  Accordingly, the petition will be denied.   An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK WILSON, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : CIVIL NO. 3:CV-05-1535 |
| | : |
| | : |
| UNITED STATES OF AMERICA, | : (Judge Kosik) |
| | : |
| Respondent | : |

# **O R D E R**

**NOW, THIS 13th DAY OF SEPTEMBER, 2005**, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Petitioner's motion to proceed in forma pauperis in this matter (Doc. 4) is **denied as moot** as the filing fee has been submitted.

2. The petition for writ of habeas corpus pursuant to § 2241 is **dismissed**.

3. The Clerk of Court is directed to **close this case**.

                                                s/Edwin M. Kosik
                                               United States District Judge